Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

Jeffrey H. Wolf (#011361)
Jeffrey.wolf@quarles.com
Coree E. Neumeyer (#025787)
Coree.neumeyer@quarles.com

*Attorneys for Defendant 7-Eleven, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sun Orchard, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>7-Eleven, Inc., a Texas corporation,<br><br>　　　　　　Defendant. | Case No. 2:17-cv-02088-PHX-DGC<br><br>**DEFENDANT 7-ELEVEN, INC.'S ANSWER** |

Defendant 7-Eleven, Inc. ("7-Eleven"), for its answer to Plaintiff's complaint, admits, denies, and alleges as follows:

　　　1.　　Answering paragraph 1, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

　　　2.　　Answering paragraph 2, 7-Eleven admits that it is a Texas corporation with its principal place of business in Texas.  7-Eleven affirmatively asserts that its principal place of business is in Irving, Texas, and not Dallas, Texas.

　　　3.　　Admits the allegations in paragraph 3.

　　　4.　　Admits the allegations in paragraph 4.

5. Answering paragraph 5, 7-Eleven denies causing events to occur in Maricopa County, Arizona out of which this action arises and denies that it has directed certain breaches of duty towards Sun Orchard in Arizona, but admits that this Court may exercise personal jurisdiction over 7-Eleven.

6. Admits the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. Answering paragraph 8, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

9. Answering paragraph 9, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

10. Answering paragraph 10, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

11. Admits the allegations in paragraph 11.

12. Answering paragraph 12, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

13. Answering paragraph 13, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

14. Answering paragraph 14, 7-Eleven states that the terms of the Agreement are self-evident, and specifically denies that the Agreement required 7-Eleven to purchase smoothie products from Plaintiff.

1  15. Answering paragraph 15, 7-Eleven states that the terms of the Agreement are self-evident.

2  16. Answering paragraph 16, 7-Eleven states that the terms of the Agreement are self-evident.

3  17. Answering paragraph 17, 7-Eleven states that the terms of the Agreement are self-evident.

4  18. Answering paragraph 18, 7-Eleven states that the terms of the Agreement are self-evident.

5  19. Answering paragraph 19, 7-Eleven states that the terms of the Agreement are self-evident.

6  20. Answering paragraph 20, 7-Eleven states that the terms of the Agreement are self-evident.

7  21. Answering paragraph 21, 7-Eleven states that the terms of the Agreement are self-evident.

8  22. Answering paragraph 22, 7-Eleven states that the terms of the Agreement are self-evident.

9  23. Answering paragraph 23, 7-Eleven states that the terms of the Agreement are self-evident.

10  24. Answering paragraph 24, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

11  25. Answering paragraph 25, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

26. Answering paragraph 26, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

27. Answering paragraph 27, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

28. Answering paragraph 28, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

29. Answering paragraph 29, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

30. Answering paragraph 30, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them in their entirety.

31. Answering paragraph 31, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

32. Admits the allegations in paragraph 32.

33. Denies the allegations in paragraph 33.

34. Answering paragraph 34, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

35. Denies the allegations in paragraph 35.

36. Answering paragraph 36, 7-Eleven specifically denies "abandonment of the Agreement," and is without sufficient knowledge or information to form a belief as to the

1  truth of the remaining allegations in this paragraph and therefore denies them in their
2  entirety.

3      37.    Answering paragraph 37, 7-Eleven states that the terms of the Agreement
4  are self-evident and, further, that 7-Eleven is without sufficient knowledge or information
5  to form a belief as to the truth of the allegations in this paragraph and therefore denies
6  them in their entirety.

7      38.    Denies the allegations in paragraph 38.

8      39.    Answering paragraph 39, 7-Eleven admits only that Sun Orchard sent a
9  letter to 7-Eleven dated April 28, 2016, the contents of which are self-evident.  7-Eleven
10 denies all remaining allegations in paragraph 29.

11     40.    Denies the allegations in paragraph 40.  To the extent the allegations in
12 paragraph 40 are offered to prove the validity or the amount of Sun Orchard's claim, the
13 allegations are not admissible pursuant to Fed. R. Civ. P. 408 and should be stricken.

14     41.    Denies the allegations in paragraph 41.  To the extent the allegations in
15 paragraph 41 are offered to prove the validity or the amount of Sun Orchard's claim, the
16 allegations are not admissible pursuant to Fed. R. Civ. P. 408 and should be stricken.

17     42.    Answering paragraph 42, 7-Eleven admits only that Sun Orchard sent a
18 letter to 7-Eleven dated May 8, 2017, the contents of which are self-evident.  7-Eleven is
19 without sufficient knowledge or information to form a belief as to the truth of the
20 remaining allegations in this paragraph and therefore denies them in their entirety.

21     43.    Answering paragraph 43, Defendant admits only that Plaintiff has made
22 demand for payment.  7-Eleven denies the remaining allegations in paragraph 43.

23     44.    Denies the allegations in paragraph 44.

## FIRST CLAIM FOR RELIEF
## (Breach of Contract)

45. Answering paragraph 45, 7-Eleven incorporates by reference the responses in paragraphs 1-44 above as though fully set forth herein.

46. Answering paragraph 46, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

## SECOND CLAIM FOR RELIEF
## (Breach of the Implied Covenant of Good Faith and Fair Dealing)

50. Answering paragraph 50, 7-Eleven incorporates by reference the responses in paragraphs 1-49 above as though fully set forth herein.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Answering paragraph 55, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

56. Denies the allegations in paragraph 56.

57. Answering paragraph 57, 7-Eleven is without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies them in their entirety.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. 7-Eleven denies all allegations not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

1. 7-Eleven affirmatively alleges that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. 7-Eleven affirmatively alleges that neither Sun Orchard nor 7-Eleven terminated the Agreement. 7-Eleven further affirmatively alleges that the Agreement has not expired by its own terms. For these reasons, 7-Eleven's obligations in the event of the termination or expiration of the Agreement have not yet arisen and Plaintiff's claim for breach of contract is not ripe for adjudication.

3. 7-Eleven affirmatively alleges that it has not abandoned or repudiated the Agreement.

4. 7-Eleven affirmatively alleges that Plaintiff's damages, if any, are barred in whole or in part by Plaintiff's failure to mitigate its damages.

5. 7-Eleven reserves the right to assert additional affirmative defenses that may be discovered in the course of this lawsuit, including those set out in Federal Rule of Civil Procedure 8(c)(1).

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant 7-Eleven requests the following relief:

A. That Plaintiff's claims be denied and its Complaint be dismissed with prejudice;

B. For attorneys' fees and costs incurred in defending this action, as may be permitted by law; and,

C.   For all other relief available under law and equity.

DATED this 7th day of July, 2017.

>QUARLES & BRADY LLP
>Two N. Central Avenue
>Phoenix, AZ 85004
>
>
>By /s/ Coree E. Neumeyer
>   Jeffrey H. Wolf
>   Coree E. Neumeyer
>
>*Attorneys for Defendant 7-Eleven, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to the following if non-registrants, this 7th day of July, 2017:

> Nicole M. Goodwin
> Nedda R. Gales
> Greenberg Traurig, LLP
> 2375 East Camelback Road. #700
> Phoenix, AZ 85016
> *Attorneys for Plaintiff*

*/s/Linnea Mahoney*